11-3032-cv
Chukwuka v. City of New York

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand thirteen.

PRESENT: DENNY CHIN,
         CHRISTOPHER F. DRONEY,
              Circuit Judges,
         JANE A. RESTANI,
              Judge.*

- - - - - - - - - - - - - - - - - - - -x

DAVIDSON CHUKWUKA,
              Plaintiff-Appellant,

                    -v.-                          11-3032-cv

CITY OF NEW YORK, NEW YORK CITY HUMAN
RESOURCES ADMINISTRATION, RICHARD BECK,
Director of Bureau of Reconciliation and
Control, NYCHRA Finance Office, SHERRY
BERKOWITZ,
              Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      Davidson Chukwuka, pro se, Richmond
                              Hill, New York.

FOR DEFENDANTS-APPELLEES:     Graham Morrison, Mordecai Newman,
                              for Michael A. Cardozo, Corporation
                              Counsel of the City of New York,
                              New York, New York.

---

\* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Cedarbaum, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Davidson Chukwuka, proceeding <u>pro se</u>, appeals the district court's judgment granting the motion of defendants-appellees for summary judgment and dismissing the complaint. Chukwuka alleged, <u>inter alia</u>, that defendants had violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e <u>et seq.</u>, by discriminating against him on account of his race, color, and national origin, and that defendants had subjected him to a hostile work environment.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an award of summary judgment <u>de novo</u>, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." <u>Fincher v. Depository Trust & Clearing Corp.</u>, 604 F.3d 712, 720 (2d Cir. 2010) (citation and internal quotation marks omitted). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions

---

[1] Chukwuka's brief on appeal does not challenge the district court's dismissal of his claims for employment fraud, constructive discharge, and interference with retirement benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, <u>et seq.</u> Accordingly, we deem those claims abandoned.

- 2 -

that are conclusory, or based on speculation." Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008) (internal citations omitted).

We have conducted an independent and de novo review of the record, and for substantially the reasons stated in the district court's thorough Opinion of June 23, 2011, we conclude that Chukwuka's employment discrimination claim pursuant to Title VII fails because no reasonable jury could find that he suffered an adverse employment action. See Chukwuka v. City of N.Y., 795 F. Supp. 2d 256, 260-62 (S.D.N.Y. 2011).

Further, although the district court did not address Chukwuka's hostile work environment claim, remand for the district court to make an initial assessment of this claim is not necessary, as the record demonstrates that this claim is also without merit.[2] See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. of Chicago, 93 F.3d 1064, 1072 (2d Cir. 1996) ("An appellate court has the power to decide cases on appeal if the facts in the record adequately support the proper result or if the record as a whole presents no genuine issue as to any material fact." (internal citations and quotation marks omitted)); McElwee v. Cnty. of Orange, 700 F.3d 635, 640 (2d Cir. 2012) ("We may affirm summary judgment on any ground supported by the record, even if it is not one on which the district court relied.").

---

[2] The parties addressed the hostile work environment claim in their briefs on the motion for summary judgment before the district court.

- 3 -

"In order to establish a hostile work environment claim under Title VII, a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  Rivera v. Rochester Genesee Reg'l Transp. Auth., 702 F.3d 685, 693 (2d Cir. 2012) (citation and internal quotation marks omitted).  A plaintiff must show that "a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of [his] working environment."  Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000) (citation and internal quotation marks omitted).  Although a single act can meet this threshold if it transforms the plaintiff's workplace, "[i]solated acts, unless very serious, do not meet the threshold of severity or pervasiveness."  Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002).

In considering whether a plaintiff has stated a hostile work environment claim, "courts should examine the totality of the circumstances, including:  the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the victim's job performance."  Rivera, 702 F.3d at 693 (citation, internal quotation marks, and alterations omitted).  "[T]he misconduct shown must be 'severe or pervasive enough to create an objectively hostile or abusive work environment,' and the victim

- 4 -

must also subjectively perceive that environment to be abusive." Alfano, 294 F.3d at 374 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). Moreover, "[i]t is axiomatic that mistreatment at work . . . through subjection to a hostile environment . . . is actionable under Title VII only when it occurs because of an employee's [protected characteristic]." Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) (emphasis added).

Here, Chukwuka alleges that he was subjected to a hostile work environment as a result of eight specific events: (1) in May 2002, Richard Beck would not approve a leave of absence to allow Chukwuka to transport his brother's body back to Nigeria, as required by Nigerian custom, until Chukwuka completed his assigned work; (2) in February 2003, Beck screamed at Chukwuka and referred to him as a "foreigner" and "this African"; (3) in April 2003, Beck asked Chukwuka's direct supervisor, Robert Martin, to closely monitor him and give him poor performance evaluations; (4) in April 2003, Beck altered some of Chukwuka's employee evaluation ratings from "outstanding" to "very good" after Chukwuka had already signed the evaluation; (5) in September 2003, Beck denied Chukwuka's request for a 20-day vacation, and instead approved only a 15-day vacation; (6) in April 2004, Beck personally filled out an employee evaluation form and gave Chukwuka only a "good" rating; (7) in April 2004, Beck issued Chukwuka a written reprimand for being away from his workstation for 30 minutes, and deducted 30 minutes from his accrued annual time; and (8) in July 2004, Beck accused Chukwuka

- 5 -

of taking an extended lunch break, reprimanded him, and deducted one hour from his accrued annual time.

Of the eight incidents, however, only three could arguably be considered discriminatory, humiliating, or insulting: (1) the initial refusal to allow Chukwuka to transport his brother's body, in keeping with Nigerian custom; (2) calling Chukwuka a "foreigner" and "this African"; and (3) directing Chukwuka's immediate supervisor to closely monitor him and give him poor performance ratings. Nevertheless, given that the three events -- which were spread out over a year -- were not "sufficiently continuous and concerted," Cruz, 202 F.3d at 570, and because the record lacks other evidence supporting a finding that Chukwuka's workplace was "permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment," Rivera, 702 F.3d at 693 (citation and internal quotation marks omitted), we conclude that no reasonable jury could find that Chukwuka established a hostile work environment claim.

We have considered Chukwuka's remaining arguments and conclude that they lack merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 6 -